UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

DONNA KELLEY,

          Plaintiff,

    v.

TARGET CORPORATION, a Minnesota Corporation; and DOES 1 TO 50, inclusive,

          Defendants.

Case No. 2:24-cv-06328-HDV-PD

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND REMAND [DKT. NO. 12]**

1

## I. INTRODUCTION

Plaintiff Donna Kelley brings this action against Defendant Target Corporation for an injury she sustained in March 2024 when she tripped over a parking block in the parking lot of a Target store in Pasadena, California. Plaintiff now moves to amend her Complaint to add the Target store manager (Michele Perkins) as a defendant, and to remand the action to state court for the lack of diversity that would necessarily result from the amendment.

For the reasons discussed below, the motion to amend and remand is granted.

## II. RELEVANT BACKGROUND

Plaintiff tripped over a parking lot block when she was walking in the parking lot of the Target store at 3121 East Colorado Blvd. in Pasadena, California on or around March 21, 2024. Complaint ¶¶ 4, 7 [Dkt. No. 1]. She asserts that the parking lot had improper lighting, which caused the parking block to blend in with the surrounding concrete. *Id.* ¶ 7. Plaintiff purportedly sustained physical and emotional damages as a result of the incident. *Id.* ¶¶ 7–8.

Plaintiff brought this action in Los Angeles Superior Court on June 26, 2024, asserting causes of action for negligence and premises liability. *See id.* On July 26, 2024, Defendant removed the action to this Court on the basis of diversity jurisdiction given that Plaintiff is a California resident and Target is a Minnesota corporation. *See* Removal Notice [Dkt. No. 1].

On August 26, 2024, Plaintiff filed this Motion to Amend and Remand ("Motion"). The Motion is fully briefed. *See* Opp'n [Dkt. No. 18]; Reply [Dkt. No. 19]. The Court heard oral argument on October 24, 2024, and took the matter under submission.

## III. LEGAL STANDARD

Federal courts have original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Section 1332 requires complete diversity, meaning that each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Any doubts about removal are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant

always has the burden of establishing that removal is proper." *Id.* Pursuant to 28 U.S.C. § 1447(c), an improperly removed case must be remanded to state court.

## IV. DISCUSSION

As a preliminary matter, the parties do not dispute that the amount in controversy exceeds $75,000 nor that complete diversity existed at the time of the filing of the Complaint. Instead, Defendants contend that Perkins is a sham defendant added solely for the purpose of defeating diversity. The Court must first determine if Perkins is a properly joined defendant, which would destroy diversity jurisdiction and deplete the Court of its subject matter jurisdiction over the action.

### A. Motion to Amend and Permit Joinder

When deciding whether to permit joinder, a court should consider the following factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether the plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; and (6) the strength of the claims against the new defendant." *Dirkes v. Sam's West, Inc.*, No. 2:22-cv-03466-JLS-MAR, 2022 WL 17098672, at *2 (C.D. Cal. Sep. 7, 2022) (citing *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002); *Khachunts v. General Ins. Co. of Am.*, 682 F. Supp. 3d 827, 832–33 (C.D. Cal. 2023).

Removal is proper when a non-diverse defendant is fraudulently joined or a sham defendant. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). But "fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Fraudulent joinder is established . . . if a defendant shows that an individual joined in the action cannot be liable on any theory." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). Indeed, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (citation omitted). The Court need only find a "glimmer of hope

that plaintiff can establish [a] claim" to remand the action. *Gonzalez v. J.S. Paluch Co.*, No. CV-12-08696-DDP-FMOx, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013).

Applying this standard, the Court finds that joinder of the Target manager is proper.

### 1. Factor 1 – Necessary Party Under Rule 19(a)

Federal Rule of Civil Procedure Rule 19 requires joinder of a person whose absence would preclude complete relief among existing parties, or who claims an interest in the action and, if the case is disposed without that person, the result either may impair or impede the absent person's ability to protect their interest, or it may leave an existing party subject to inconsistent obligations. *See* Fed. R. Civ. P. 19(a). The standard under Rule 19 is met when failure to join will lead to separate and redundant actions. *Dirkes*, 2022 WL 17098672, at *2.

A similar fact pattern was presented in this district in *Trujillo v. Target Corp.*, No. 17–cv–06429 VAP (GJSx), 2017 WL 4864490 (C.D. Cal. Oct. 26, 2017). In *Trujillo*, the plaintiff who slipped and fell at a Target store sought to join the Target manager who was alleged to be responsible for the condition of the premises. The court applied the first Rule 19 factor and found that it weighed in favor of allowing joinder of the manager. *Id.* at *2. The same analysis applies here. Plaintiff tripped in the parking lot of a Target store. Complaint ¶ 7. Plaintiff alleges that Perkins was responsible for managing and maintaining the premises, knew or should have known of the condition of the parking lot, but failed to correct (or warn of) these conditions. Motion at 4.

Plaintiff's claims against Perkins are not just tangentially related, but overlap completely with her claims for negligence and premises liability against Defendant. To that end, a failure to join Perkins in this action may result in a subsequent Superior Court action based on the same factual and legal issues. *See Fortenberry v. Walmart Inc.*, No. EDCV 23-2601-KK-SHKx, 2024 WL 1343166, at *4 (C.D. Cal. Mar. 29, 2024) (finding that failure to join the store manager could result in a subsequent state action based on the same or similar factual and legal issues because plaintiff's claims against the manager "overlap entirely" with the claims against defendant); *Leroy W. v. Costco Wholesale Corp.*, No. LA CV20-04265 JAK (FFMx), 2020 WL 7023777, at *5 (C.D. Cal. Nov. 30, 2020) (same). This factor weighs strongly in favor of granting the joinder.

### 2. Factor 2 – Statute of Limitations

Courts also consider "whether the statute of limitations would prevent the filing of a new action against the new defendants should the Court deny joinder." *Sagrero v. Bergen Shippers Corp.*, No. 2:22-cv-04535-SPG-RAO, 2022 WL 4397527, at *5 (C.D. Cal. Nov. 30, 2020). The statute of limitations in California for slip and fall actions is two years. Cal. Civ. Proc. Code § 335.1. Because Plaintiff was injured on March 21, 2024, Plaintiff is still well within the statute of limitations. This factor weighs against joinder.

### 3. Factor 3 – Timeliness

When determining whether to allow an amended complaint to add a non-diverse party, courts consider whether the amendment was sought in a timely fashion. *Fortenberry*, 2024 WL 1343166, at *5 (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. Feb. 25, 1999)). And though "there is no bright line rule as to what qualifies as timely, courts consider the amount of time that has lapsed since removal, the progress of the case, and how much time has passed since opposing counsel refused to stipulate to any proposed amendment." *Id.* (citing *Khachunts*, 2023 WL 4554103, at *3).

Here, Plaintiff filed this motion less than three months after the Complaint was filed and less than one month after Defendant removed the case to this Court. There has been no unreasonable delay. *See Fayek v. Costco Wholesale Corp.*, No. 8:22-cv-01621-JVS (ADSx), 2023 WL 2431999, at *3 (finding no unexplained delay even though plaintiff did not add the store manager as a named party until six months after defendant removed the matter).

### 4. Factor 4 – Plaintiff's Motive for Joinder

A plaintiff's motive in seeking to join an additional defendant is relevant to a court's decision on whether to allow plaintiff to amend his original complaint. *Leroy W.*, 2020 WL 7023777, at *5 (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). "However, there is a presumption that a plaintiff's sole purpose is not to defeat federal jurisdiction." *Fayek*, 2023 WL 2431999, at *3 (citing *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). The burden is on defendants "to show fraudulent joinder by clear and convincing evidence." *Dirkes*, 2022 WL 17098672, at *4.

5

Defendant contends that Perkins was a fraudulently joined defendant added solely for the purpose of defeating diversity. Opp'n at 3. But Defendant has not proffered any evidence to show that Perkins is a fictitious Doe defendant or that she was not a Target employee at the time of the incident. Moreover, Plaintiff has taken steps to reserve the right to amend the Complaint to add additional parties. Plaintiff's Complaint explicitly alleges causes of action for negligence and premises liability against Doe Defendants 1 through 50. And the Complaint indicated that Plaintiff would seek leave to amend to add these Defendants' real names once they could be ascertained.[1]

### 5. Factor 5 – Prejudice to Plaintiff

Courts have found prejudice "where denying amendment would force the plaintiff to choose between: (1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing its potential claims against the to-be-added party." *Serrano v. Garfield Beach CVS, LLC*, No. EDCV-17-00506-BRO-DTBx, 2017 WL 8220439, at *5 (C.D. Cal. July 6, 2017).

Plaintiff contends that denying the amendment would be burdensome because a duplicate action would significantly increase costs, resources, and time. The Court agrees. And Defendant cannot identify any reason it would be prejudiced by remanding the action to state court.

### 6. Factor 6 – Validity of Claims Against Defendant Perkins

As long as a "facially valid claim" exists, this factor weighs in favor of joinder. *Fortenberry*, 2024 WL 1343166, at *6 (citing *Khachunts*, 2023 WL 4554103, at *4). A claim is facially valid as long as it "seems valid, which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *Id.* (citing *Prudenciano Flores v. Nissan N. Am., Inc.*, No. CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022)).

The elements of negligence under California law are "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal.5th 1132, 1158

---

[1] *See Gamboa v. Wal-Mart Stores, Inc.*, No. CV 18-2553-KS, 2018 WL 3129776, at *3 (C.D. Cal. June 21, 2018) (citing an insufficient record that plaintiff had an improper motive for joining store manager); *Fortenberry*, 2024 WL 1343166, at *5 (finding this factor to be neutral because plaintiff demonstrated intent to bring these claims but failed to provide any explanation for the delay).

6

(2016). Here, Plaintiff has alleged that both Defendants and Perkins (via Doe allegations) owed her a duty of care as the store manager/supervisor as they were responsible for the safety and maintenance of the store and the parking lot. Complaint ¶¶ 13–14. And, the alleged breach of this duty purportedly caused Plaintiff's injuries. *Id.* ¶¶ 19–21. Plaintiff has therefore alleged a facially valid claim against Perkins at this stage.[2]

### B. Motion to Remand

Although this case was properly removed, joining Perkins as a defendant will destroy complete diversity and thus eliminate the Court's subject matter jurisdiction over this action. Remand is mandatory.

## V. CONCLUSION

For the reasons discussed, Plaintiff's Motion to Amend is granted. This case will be remanded to Los Angeles Superior Court forthwith.

Dated: November 20, 2024

Hernán D. Vera
United States District Judge

---

[2] See *Fortenberry*, 2024 WL 1343166, at *6 (finding plaintiff's claims of negligence and premises liability facially valid under California law); *Gallegos v. Costco Wholesale Corp.*, No. CV-20-3250-DMG-GJSx, 2020 WL 2945514, at *3 (C.D. Cal. June 2, 2020); *Leroy W.*, 2020 WL 7023777, at *5 (same); *Trujillo*, 2017 WL 4864490, at *2 (same).